```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF TEXAS
                   TEXARKANA DIVISION

JOHN MARTIN GAINES            §
VS.                           §   CIVIL ACTION NO. 5:06cv229
PAUL KASTNER                  §
```

## MEMORANDUM OPINION

Petitioner John Martin Gaines, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Procedural Background

Petitioner was previously convicted of two criminal offenses in this court. In 4:95cr30, petitioner was convicted of conspiring to defraud the United States. He was sentenced to 46 months imprisonment and a three year term of supervised release. In 4:95cr31, petitioner was convicted of bank fraud. He was sentenced to 46 months imprisonment and a five year term of supervised release. The sentence imposed in 4:95cr31 was to be served concurrently with the sentence imposed in 4:95cr30.

On March 4, 2001, petitioner was released from prison. The concurrent three and five year terms of supervised release began to run on this date. On January 13, 2006, this court entered an order transferring jurisdiction of petitioner's supervised release terms to the United States District Court for the Northern District of Alabama.

On February 27, 2006, apparently prior to the date on which

the five year term of supervised released imposed in 4:95cr31 would have expired, a petition was filed asking that petitioner's release on supervised release be revoked.  On April 27, 2006, the Alabama court entered a Judgment and Commitment Order on Revocation of Supervised Release.  The court concluded petitioner had violated the terms of supervised release and sentenced him to 36 additional months of imprisonment.

Petitioner asserts that the revocation of his placement on supervised release was improper because his placement on supervised released was not revoked until after his term of supervised release expired.  In support of this assertion, petitioner has attached a letter from Smita Seard, a United States Probation Officer in the Northern District of Alabama. The first paragraph of the letter, which is dated March 31, 2004, states as follows:

> This is to advise you that your period of supervision has
> expired.  You are hereby released from supervision and all
> supervision requirements.  You no longer have to submit a
> monthly report or keep this office informed of your
> activities and whereabouts.

## Discussion

Before the court can address the merits of the petition, the question of whether petitioner's claim may be properly asserted in a petition filed pursuant to 28 U.S.C. § 2241 must be considered.  Generally, if a petitioner seeks to challenge the manner in which his sentence is being executed, he may file a Section 2241 petition in the district court having jurisdiction over his custodian.  *United States v. Peterman*, 249 F.3d 458, 461

(6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). But where, as in the case now before the court, a federal prisoner seeks to challenge the imposition of his sentence as it was imposed by the sentencing court, he must generally file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Such a motion must be filed in the sentencing court or, in a case where a prisoner is complaining about the revocation of a term of supervised release, in the court where the order of revocation was entered. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Oatneal v. United States*, 2006 WL 2927513 (E.D. Ky. Oct. 6, 2006) (holding that a challenge to the revocation of a term of supervised release may not be asserted in a Section 2241 petition); *Lowe v. United States*, 2005 WL 2574155 (N.D. Ohio Oct. 12, 2005) (same).

Petitioner is not challenging the manner in which the Bureau of Prisons is executing his sentence. Instead, he is challenging the action of the Alabama court in revoking his term of supervised release. As a result, this filing must be construed as a motion to vacate, set aside or correct sentence.[1] As the

---

[1] The undersigned notes Section 2255 contains a savings clause which permits a prisoner to rely on Section 2241 as a vehicle for attacking a conviction or sentence if it appears the remedy afforded by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. However, the United States Court of Appeals for the Fifth Circuit has only recognized one circumstance in which Section 2255 is inadequate to test the legality of a prisoner's detention. In *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), the Fifth Circuit held Section 2255 was inadequate or ineffective with respect to a claim which: (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have

Alabama court now has jurisdiction over the term of supervised release imposed by this court in 4:05cr31 and entered the order revoking the term of supervised release, the current filing will be transferred to the Alabama court.  An appropriate Transfer Order shall be entered.[2]

    **SIGNED** this __8__ day of _____July_____, 2007.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.  Petitioner's challenge to the revocation of his term of supervised release is not based upon a claim which meets this standard.  As a result, he may not rely on the savings clause of Section 2255 to challenge the revocation of his term of supervised release.

[2]  In light of the transfer of this matter, the undersigned expresses no opinion as to whether the revocation of petitioner's term of supervised release was proper.  However the undersigned notes that in addition to his convictions in this court, petitioner has two convictions in the United States District Court for the Northern District of Alabama.  In 2:97cr169 and 2:97cr222, petitioner was sentenced to terms of imprisonment of 27 months and terms of supervised release of three years.  The judgments provided that the terms of imprisonment were to be served concurrently with each other and consecutive to the terms of imprisonment imposed by this court.  As the terms of supervised release imposed by the Alabama court would have also began to run when petitioner was released from prison on March 4, 2001, the letter from the Alabama probation officer, which is dated March 31, 2004, may have been referring to the terms of supervised release imposed by the Alabama court, rather than the terms imposed by this court, when it stated petitioner was no longer subject to supervision.